DLD-186                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1296
_____

IN RE: CRAIG ALFORD,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 3-13-cv-02800)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 27, 2014
Before: SMITH, HARDIMAN and GREENBERG, Circuit Judges

(Opinion filed: March 14, 2014 )
_____

OPINION
_____

PER CURIAM

　　Pro se petitioner Craig Alford has filed a petition for a writ of mandamus requesting that

we compel the District Court to rule on a petition under 28 U.S.C. § 2254 and related motions

that Alford has filed. For the reasons set forth below, we will deny Alford's petition.

　　Alford filed his § 2254 petition in the District Court in November 2013. He has since

filed a flurry of other motions, including motions to appoint counsel, disqualify the District

Judge, change venue, and appoint class counsel. Each of these filings remains pending. On

January 28, 2014, Alford filed the instant mandamus petition.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Although mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," id., this case does not present such a situation. At the time Alford filed his mandamus petition, his § 2254 petition and related motions had been pending (at most) for just three months, which "does not yet rise to the level of a denial of due process." Id. (stating that four months of inaction is insufficient to warrant mandamus). We are confident that the District Court will rule on Alford's filings in due course.

Accordingly, we will deny Alford's mandamus petition.